IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **CARRINGTON MORTGAGE SERVICES, LLC,** § § § | |
| **Plaintiff,** § § | |
| v. § | Civil Action No. 6:19-cv-60 |
| § | |
| **ARTHUR PAUL SHEEHAN AND THE UNKNOWN HEIRS AT LAW OF MEMERY DAWN SHEEHAN, DECEASED,** § § § § § § | |
| **Defendants.** § | |

## ORIGINAL COMPLAINT

Plaintiff Carrington Mortgage Services, LLC files this its *Original Complaint* against defendants Arthur Paul Sheehan and the Unknown Heirs at Law of Memery Dawn Sheehan, deceased, and shows the Court as follows:

### I.   PARTIES

1.   Plaintiff Carrington Mortgage Services, LLC ("Carrington" or "Plaintiff") is the mortgagee of a loan agreement.

2.   Memery Dawn Sheehan ("Decedent") was an obligor under the loan agreement. Decedent died on or about June 25, 2017. Upon information and belief, no probate is open for Decedent's estate in the county where the real property that it the subject of the lawsuit is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate. Pursuant to Texas Estates Code §§ 101.001, 101.003, 101.151, and 201.003, the known and unknown heirs at law of Decedent acquired all of Decedent's estate immediately upon Decedent's death, including an undivided interest in Decedent's real property. Accordingly, each of Decedent's known and unknown heirs are made a

party in this proceeding.

3. Defendant Arthur Paul Sheehan aka Paul Sheehan is the surviving spouse of Decedent and may be served with process at his residence at 1335 FM 3085, Victoria, Texas 77905, or at such other place as he may be found. Summons is requested.

4. Defendant the Unknown Heirs at Law of Memery Dawn Sheehan, deceased, are the unknown heirs at law of Decedent, to the extent they exist and have an interest in the subject property. *See* TEX. ESTATES CODE § 101.001. The unknown heirs may be served by publication. *See* TEX. R. CIV. P. 109, 111, 113 and FED. R. CIV. P. 4(e)(1). The names of the heirs against whom an action is authorized by Section 17.004, Civil Practice and Remedies Code, are unknown to the affiant. *See* Exhibit E. Summons is requested.

## II.    JURISDICTION AND VENUE

5. Plaintiff Carrington Mortgage Services, LLC is a Delaware limited liability company with its principal place of business in Anaheim, California. The citizenship of a limited liability company is determined by the citizenship of all its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

6. Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut, whose general partner is Carrington Capital Management, LLC.

7. Carrington Capital Management, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is Carrington

Holding Company, LLC. The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are three private individuals who are not citizens of the state of Texas. The sole member of Plaintiff is Carrington Mortgage Holdings, LLC, whose members are citizens of Connecticut and California. As such, Plaintiff is therefore a citizen of Connecticut and California for purposes of diversity jurisdiction.

8. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and defendants, and the amount in controversy exceeds $75,000.00. Due to defendants' action or inaction, as alleged herein, Plaintiff, as mortgagee, has the right to foreclose a lien on the real property which secures the repayment of the loan agreement debt. When seeking foreclosure of a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). As of June 11, 2019, the total amount owed on the debt at issue was $154,323.67. Furthermore, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that, due to the number of parties to this dispute and the relative complexity of the issues, attorney's fees will be in excess of $20,000.00 through trial. Accordingly, the amount in controversy is well in excess of $75,000.00.

9. Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Victoria Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### III. FACTS

10. On or about March 14, 2007, Arthur P. Sheehan executed a Note in the principal amount of $144,010.00 ("Note") payable to Americare Investment Group, Inc. dba Premier Capital

Lending ("Americare") as lender on a loan secured by the real property commonly known as 1335 FM 3085, Victoria, Texas 77905 ("Property").

11. Concurrently with the Note, Decedent executed a Deed of Trust ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Americare a security interest in the Property, which is more particularly described on the metes and bounds legal description attached to the Security Instrument. The Security Instrument is recorded as document number 200703691 in the real property records of Victoria County, Texas. True and correct copies of the Note and Security Instrument are attached as Exhibits A and B.

12. Plaintiff is the holder of the Note, endorsed in blank, and beneficiary of the Security Instrument pursuant to an assignment recorded in the real property records of Victoria County, Texas as instrument number 201904182. A true and correct copy of this assignment is attached as Exhibit C. As such, Plaintiff is the mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.0001(4), and is authorized to enforce the lien through foreclosure.

13. On or about September 16, 2018, Decedent died. No probate was ever opened to administer Decedent's estate. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Decedent's heirs acquired all of Decedent's interest in the Property immediately upon death, subject to the Loan Agreement debt owed to Carrington.

14. Though the defendant heirs were immediately vested with an interest in the Property when Decedent died and have had the use, benefit, and enjoyment of the Property since that time, they have not paid the Loan Agreement debt. The Loan Agreement is currently due for the September 1, 2017 payment and all subsequent monthly payments.

15. On March 16, 2019, a notice of default and intent to accelerate with the required opportunity to cure was mailed by certified mail to Decedent's last known mailing address in

accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of this notice is attached as Exhibit D. The default was not cured. The debt is now accelerated through the filing of this lawsuit.

### IV.   CAUSE OF ACTION – DECLARATION OF STATUTORY PROBATE LIEN

16.   Plaintiff seeks a declaration from this Court that it has a statutory probate lien against Decedent's heirs' interest in the Property under the terms of the Loan Agreement and the following statutory authority:

   a.   TEX. ESTATES CODE sections 101.001(b) and 101.051(b)(1), which state in pertinent part: "the estate of a person who dies intestate vests immediately in the person's heirs at law . . . subject to the payment of, and is still liable for the debts of the decedent, except as exempted by law[;]" and

   b.   TEXAS TITLE EXAMINATION STANDARDS section 11.10, which states in pertinent part: "A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject to payment of debts, including federal estate taxes."

17.   Through the statutory probate lien reserved in Texas Estates Code sections 101.001 and 101.151 and Texas common law, Plaintiff has an enforceable and superior lien against Decedent's heirs' interest in the Property. *Id.*; *see also Blinn v. McDonald*, 46 S.W. 787 (Tex.1898).

### V.   CAUSE OF ACTION – NON-JUDICIAL FORECLOSURE

18.   Due to the material breach of the Loan Agreement, Plaintiff seeks an order from this Court allowing it to enforce the Security Instrument and the statutory probate lien against the Property through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas

Property Code section 51.002 with respect to all defendants who are obligors of the Loan Agreement or acquired the Property subject to Decedent's debts.

## VI.  ALTERNATIVE CAUSE OF ACTION – JUDICIAL FORECLOSURE

19. In the alternative to non-judicial foreclosure, Plaintiff seeks a judgment for judicial foreclosure of its lien interest in the Property.  Together with the judgment for judicial foreclosure, Plaintiff seeks the issuance of an order of sale to a sheriff, constable or federal marshal, directing the sheriff, constable or federal marshal to seize and sell the Property in satisfaction of the Loan Agreement debt.

## VII.  CAUSE OF ACTION – TRESPASS TO TRY TITLE

20. Plaintiff seeks a declaration and judgment that the defendants will be divested of all of their right, title and interest in the Property and that all of Decedent's and defendants' right, title, and interest in the Property will be vested in the purchaser at the foreclosure sale.  Title as to both Plaintiff and defendants is derived from a common source.

## VIII.  CAUSE OF ACTION – WRIT OF POSSESSION

21. If Plaintiff is the winning bidder at a foreclosure sale and any defendant or someone through any defendant occupies or claims possession of the Property after transfer of all right, title, and interest in the Property in favor of Plaintiff, Plaintiff requests a writ of possession against the occupant.

## IX.  ATTORNEY FEES

22. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the terms of the Loan Agreement. Attorneys' fees are not sought as a personal judgment against the defendants, but only as an additional debt secured by the Security Instrument.

23. All conditions precedent have been performed or have occurred.

## PRAYER

For these reasons, Plaintiff Carrington Mortgage Services, LLC requests that defendants be cited to appear and answer, and the Court enter judgment:

a. Declaring that all of Decedent's heirs at law have been made parties to this suit and are vested with all of Decedent's right, title and interest in the Property;

b. Declaring that Plaintiff has a statutory probate lien interest in the Property;

c. Declaring that Plaintiff's lien interest in the Property through the Security Instrument and statutory probate lien shall be enforced by a non-judicial foreclosure in accordance with Texas Property Code section 51.002—or alternatively, a judicial foreclosure—and that, through the foreclosure, the defendants are divested and the purchaser at foreclosure sale is vested with of all of Decedent's and defendants' right, title, and interest to the Property;

d. Ordering that a writ of possession shall issue against any occupant of the Property if defendant or person occupying through them continues to occupy the Property after foreclosure sale where Plaintiff is the winning bidder;

e. Awarding attorney fees and costs of suit; and

f. Granting all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

 */s/ Dustin C. George*
**Dustin C. George**
Texas Bar No. 24065287
Southern Bar No. 1812265
dustin.george@mwglegal.com
**MILLER, WATSON & GEORGE, P.C.**
5550 Granite Parkway, Suite 245
Plano, Texas 75024
Phone: (469) 518-4975
Fax: (469) 518-4972

*Attorney for Plaintiff*
*Carrington Mortgage Services, LLC*